## SAUNDERS *v.* STATE TAX COMMISSION

Mr. H. B. Johnson, Baker, Oregon, argued the cause and submitted a brief on behalf of plaintiff.

Mr. Ira W. Jones, Assistant Attorney General, Salem, Oregon, argued the cause and submitted a brief on behalf of defendant.

Decision rendered July 11, 1966.

EDWARD H. HOWELL, Judge.

Plaintiffs filed this suit to set aside defendant's order disallowing a sale of hay and feed on the installment basis.

The facts have been stipulated.

Prior to October 1, 1961, the plaintiffs owned and operated a cattle and sheep ranch in eastern Oregon and maintained a breeding herd of cattle and sheep. The plaintiffs raised their own hay and feed and except for an occasional sale to a needy neighbor, the hay was retained for feeding their own livestock.

Plaintiffs were on the inventory basis using the unit-livestock-price method of valuing their livestock.[1] In October 1961 plaintiffs sold their land and livestock and the hay on hand was included in the sale. The plaintiffs elected to use the installment method of reporting the sale. The defendant disallowed the installment sale of the hay on the basis that the hay was an inventory item and not eligible for such treat-

---

[1] Reg. 314.285-(F)-(2), pertaining to this method of valuing livestock, states in part:

"(2) Because of the difficulty of ascertaining actual cost of livestock and other farm products, farmers who render their returns upon an inventory basis may value their inventories according to the 'farm-price method,' and farmers raising livestock may value their inventories of animals according to either the 'farm-price method' or the 'unit-livestock-price method.'

"* * * * *

"The 'unit-livestock-price method' provides for the valuation of the different classes of animals in the inventory at a standard unit price for each animal within a class. A livestock raiser electing this method of valuing his animals must adopt a reasonable classification of the animals in his inventory with respect to the age and kind included so that the unit prices assigned to the several classes will reasonably account for the normal costs incurred in producing the animals within such classes. * * *"

ment under ORS 316.190 which allows installment sales:

"* * * In the case of:

"(a) A casual sale or other casual disposition of personal property *(other than property of a kind which would be properly included in the inventory of the taxpayer if on hand at the close of the tax year)* * * *." (Emphasis supplied.)

The issue is whether the hay constitutes personal property which would be properly included in the inventory of the plaintiffs. The parties have stipulated that the plaintiffs have never included their hay and feed in either their beginning or ending inventory in any of their income tax returns.

■ It is difficult to determine what items are properly included in inventory. ORS 314.285 provides generally that inventories may be required by the defendant commission when the use of such inventories "is necessary in order clearly to determine the income of any taxpayer."

■ The defendant contends that Reg. 314.285-(A) is applicable and required the plaintiffs to inventory their hay. The regulation provides in part:

"* * * The inventories should include all finished or partly finished goods and, *in the case of raw materials and supplies, only those which have been acquired for sale or which will physically become a part of merchandise intended for sale* * * *." (Emphasis supplied.)

■ It is obvious that the regulation was not conceived with the livestock industry in mind. The words of the regulation "finished or partly finished goods," "raw materials" and "merchandise for sale" are not terms commonly used in the livestock business.

Neither did the hay constitute merchandise which had been acquired for sale as the parties have stipulated that the hay was not sold or for sale but instead was retained to feed the plaintiffs' cattle and sheep during the feeding season.

The defendant contends that the above regulation applies to the hay on hand in October 1961 because the hay will be fed to the cows which will produce the calves which in turn will be born in the spring and later sold.

■ It is doubtful if that part of the regulation which requires the inclusion in inventory of raw materials "which will physically become a part of merchandise intended for sale" includes hay fed to a pregnant Hereford. The hay will not physically become a part of the merchandise intended for sale within the intention of the regulation. The connection between the hay and the future spring calf or lamb is too indirect. The same argument could be made for the gas that is used in the tractor to haul the hay to the cows, et cetera. Moreover, the regulation cites certain examples contemplated as the type of material which will physically become a part of the merchandise intended for sale. They are "containers, such as kegs, bottles, and cases whether returnable or not." The hay would not fall in this category.

■ As the hay was not merchandise intended for sale and was not the type of raw material contemplated by the regulation it is not properly includible in the plaintiffs' inventory. Plaintiff is entitled to treat the sale of the hay on the installment basis.

Costs to neither party.